IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD TAYLOR, § | | |
| #38638-177, § | | |
| Movant, § | | |
| § | | |
| v. § | | CIVIL NO. 3:16-CV-1854-L-BK |
| § | | (Criminal No. 3:09-CR-032-L-1) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED WITH PREJUDICE** as meritless.

**I. BACKGROUND**

Movant pleaded guilty to being a felon in possession of a firearm and was sentenced to 84 months in prison with two years of supervised release. *See* Crim. Doc. 22. He did not appeal.

His 28 U.S.C. § 2255 motion claims only that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), invalidated his sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B. *See* Doc. 2 at 7 (arguing that, in *Johnson*'s wake, his prior convictions can no longer be considered violent felonies for a sentencing enhancement under U.S.S.G. § 4B).

**II. ANALYSIS**

Movant's attempt to use *Johnson* to challenge U.S.S.G. § 4B is foreclosed by *Beckles v.*

*United States,* ___ U.S. ___, 137 S. Ct. 886 (2017). *Johnson* held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) violates the Constitution's guarantee of due process. But *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez,* 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus there is no merit to Movant's claim that *Johnson* narrowed the U.S.S.G.'s definition of violent felony such that his prior convictions no longer qualify.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** November 9, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE